J-S25020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL L. SANSONE :
:
Appellant : No. 1565 MDA 2019

Appeal from the Judgment of Sentence Entered April 23, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002413-2016

BEFORE: LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 19, 2020**

Appellant, Michael L. Sansone, appeals from the April 23, 2019 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following his conviction of one count each of Unlawful Contact with Minors, Corruption of Minors, and Endangering Welfare of Children. Appellant challenges the preclusion of certain evidence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On May 26, 2016, the Commonwealth charged Appellant with numerous offenses[1] arising

_____

[1] In particular, the Commonwealth charged Appellant one count each of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault of a Child, and Involuntary Deviate Sexual Intercourse—Person Less than 16; two counts each of Corruption of Minors—Defendant Age 18 or Above, Endangering Welfare of Children, Aggravated Indecent Assault—Without Consent, and Aggravated Indecent Assault—Complainant Less than 13; and seven counts of Unlawful Contact with Minors. **See** 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 3123(a)(7), 6301(a)(1)(ii), 4304(a), 3125(a)(1), 3125(a)(7), and 6318(a)(1), respectively.

from his reported sexual assault of two minors, K.B, and her brother, L.B., between July 23, 2015, and April 29, 2016. Appellant was the paramour of K.B. and L.B.'s mother and the father of their younger siblings. At the time of the alleged assaults, K.B. and L.B. were approximately 8 and 10 years old, respectively, and Appellant been living with them, their siblings, and their mother.

On July 21, 2017, Appellant filed a Request for Discovery in which he requested, *inter alia*, "[a]ny evidence favorable to the accused[.]" Request, 7/21/17, at ¶ a. The Commonwealth responded to Appellant's discovery request.

On October 18, 2017, Appellant filed a Motion to Produce Confidential Records for *In Camera* Inspection, asserting that, in response to his discovery request, the Commonwealth had provided him with a "contact summary/safety assessment" ("Contact Summary") from CYS. According to Appellant, the Contact Summary revealed that the Luzerne County Children and Youth Services ("CYS") had been notified about K.B.'s and L.B.'s allegations, had conducted an investigation into them, and had, therefore, compiled files with information that "may contain exculpatory evidence."[2]

_____

[2] Appellant alleges in his Brief to this Court that the Commonwealth produced to Appellant the investigative report prepared by Nanticoke Police Detective Robert Lehman, which included the single-page CYS Contact Summary. Appellant's Brief at 3. According to Appellant, the Contact summary indicated that CYS interviewed L.B. and it summarized L.B.'s report to a CYS social worker, *inter alia*, that he had "secretly been watching videos about humping

Motion, 10/18/17, at ¶¶ 2-6. That same day, the trial court issued an order directing that CYS provide a copy of the pertinent records for review "by the [c]ourt and [c]ounsels." Order, 10/18/17.

Following its inspection of the CYS files, the court issued an Order indicating that it would not release the files because it had determined that "they have no exculpatory value to the underlying case." Order, 11/16/17. Appellant's counsel took no further action to obtain the CYS records, including making a written request to CYS pursuant to 23 Pa.C.S. § 6340. Since Appellant's counsel did not exercise his right to obtain the CYS records himself, Appellant never requested that the trial court admit the CYS records into evidence at trial. Thus, at the time of trial, Appellant only had the Contact Summary.

Appellant's three-day jury trial commenced on October 23, 2018. The Commonwealth presented the testimony of K.B.; L.B.; Carolyn Yevich, the mother of K.B.'s friend, W.F.; Detective Robert Lehman of the Nanticoke Police Department; and Cheryl Friedman, a nurse practitioner at the Lackawanna

---

with K.B. They watched it on a website on K.B.'s tablet; she has the website on it, but it is gone now. K.B. showed L.B. the videos. L.B. doesn't remember the name of the website, but it was a 'sex website.' Mom possibly removed the internet and website. L.B. last watched a video this month. No one else watched the video with them." *Id.* at 3-4. Appellant does not mention who prepared the Contact Summary and the certified record does not contain a copy of it.

Children's Advocacy Center ("CAC") in Scranton.[3] The Commonwealth also played the videotaped CAC interview of K.B.

Appellant testified on his own behalf. He also offered the testimony of, *inter alia*, the Victims' mother, H.B., and played the videotaped CAC interview of L.B.[4] In his defense, Appellant advanced the theory that K.B. and L.B. fabricated their claims that Appellant had abused K.B. because their mother had caught K.B. watching pornography on K.B.'s tablet computer. Appellant claimed that, because K.B. had watched pornography, she possessed the knowledge to fabricate a sexual assault allegation.

Although Appellant never obtained the CYS records, and had only the Contact Summary, his counsel still attempted to cross-examine K.B. about the contents of the CYS report. N.T., 10/23/18, at 59-61 (where Appellant's counsel claimed that L.B. "gave a report to Children and Youth that he was watching X-rated movies of people humping[.]"). The Commonwealth objected to this line of cross-examination, noting that it was beyond the scope of its direct examination as "there's no mention of the porn or the tablets in any CAC tape[—i]t's all in the CYS report" and "there's been no motion to bring in any [CYS] reports and any [CYS] workers." **Id.** at 60.

---

[3] Nurse Friedman specialized in child victims of sexual assault and is a certified pediatric Sexual Assault Nurse Examiner. N.T., 10/24/18, at 101-03. She performed a sexual assault exam on K.B. and she observed K.B.'s forensic interview by the Children's Advocacy Center's Jennifer Aglialoro. **Id.** at 111-12, 117, 131.

[4] The Notes of Testimony do not contain transcripts of the CAC interviews.

In response to the Commonwealth's objection, the trial court ruled that Appellant could cross-examine K.B. about the videotaped CAC interview, but not about the "Children and Youth stuff." *Id.* at 61-62.

Following his trial, the jury convicted Appellant of one count each of Unlawful Contact with Minors, Corruption of Minors, and Endangering Welfare of Children as to K.B. The jury acquitted Appellant on all other charges, including all of the charges pertaining to L.B.

On April 23, 2019, the court sentenced Appellant to a term of 72 to 144 months' incarceration for his Unlawful Contact with Minors conviction and two concurrent terms of 3 to 6 months' incarceration for his Corruption of Minors and Endangering Welfare of Children convictions. Appellant filed a timely Post-Sentence Motion, which the trial court denied by Order on August 29, 2019.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err or abuse its discretion when it denied [] Appellant's Motion to disclose C.Y.S. records upon the erroneous conclusion that the records did not contain exculpatory evidence where those records reflected that K.B. had watched pornography on a tablet through the Internet with L.B. and, also, with a friend W.F., which evidence was not only exculpatory, but also relevant to proof of motive to fabricate and to establish how the minors acquired knowledge of adult sexual conduct which preclusion deprived [] Appellant of the opportunity to present material and relevant evidence to rebut the accusations against him?

2. Did the trial court err or abuse its discretion in refusing to allow the defense to engage in cross-examination of L.B. as to whether

K.B. and L.B together or with a friend, W.F., watched adult pornography which was relevant to both motive to fabricate and how the minors acquired knowledge of adult sexual conduct which preclusion deprived [] Appellant of the opportunity to present material and relevant evidence to rebut the accusations against him?

Appellant's Brief at 2.

In his first issue, Appellant claims that the trial court erred in not providing him with the CYS records of its investigation into K.B. and L.B.'s allegations. *Id.* at 11. He argues that, as the subject of the CYS investigation, pursuant to 23 Pa.C.S. § 6340(b), he is entitled to a copy of "all information" contained in the investigatory file. *Id.* at 15-17 (quoting Section 6340).

23 Pa.C.S. § 6340 provides, in relevant part that, "[u]pon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed [which information includes data that would lead to the identification of a person reporting suspected child abuse]." 23 Pa.C.S. § 6340(b). As an "alleged or actual perpetrator," Appellant is a "subject of the report." 23 Pa.C.S § 6303.

We find Appellant's argument meritless. Whether the trial court erred in determining that the CYS records did not contain exculpatory evidence is irrelevant. Section 6340 confers upon Appellant the right to obtain those records directly "upon written request." Because Appellant failed exercise his right to obtain the CYS records directly from CYS, Appellant cannot complain that the trial court erred in not providing the records to him.

In his second issue, Appellant asserts that the trial court erred in precluding him from cross-examining L.B. about whether he and K.B., or K.B.

and W.F., had watched pornography. Appellant's Brief at 19. Specifically, Appellant sought to cross-examine L.B. about a statement L.B. allegedly made to a CYS investigator that L.B. and K.B. had watched pornographic videos together on K.B.'s tablet computer so Appellant could argue that K.B. had the requisite knowledge about sex to fabricate a plausible claim of abuse. *Id.* at 20, 23. Appellant asserts in his Brief to this Court that he learned of L.B.'s alleged statement from the Contact Summary that the Commonwealth produced to Appellant in discovery. *Id.* at 3.

"The scope of cross-examination is within the trial court's discretion, and this Court cannot disturb the trial court's determinations absent a clear abuse of discretion or an error of law." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011) (citation omitted).

Hearsay is a statement offered "in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c)(2). Hearsay is generally inadmissible unless an exception applies[.] *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999). A hearsay exception cannot serve merely "as a conduit to support the admission of fact-bound evidence to be used for a substantive purpose." *Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007).

Instantly, Appellant's counsel was attempting to cross-examine L.B. with information from the Contact Summary, a summary of CYS records that included a summary of words that L.B. purportedly spoke to an unknown person who then recorded those words. The trial court properly refused to

permit Appellant's counsel to cross-examine L.B. with information that is triple hearsay.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2020